| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

GEORGE DALE WIGINGTON, §
　　　　　　　　　　　　　　　　§
　　　　　Appellant, §
　　　　　　　　　　　　　　　　§
versus §　　CIVIL ACTION NO. 4:21-CV-699
　　　　　　　　　　　　　　　　§
NATIONSTAR MORTGAGE LLC d/b/a §
MR. COOPER and SELECT PORTFOLIO §
SERVICING, INC., §
　　　　　　　　　　　　　　　　§
　　　　　Appellees. §

**MEMORANDUM AND ORDER**

Pending before the court is Appellee Select Portfolio Servicing, Inc.'s ("Select") Motion to Dismiss Appeal (#7), wherein Select asks the court to dismiss Appellant George Dale Wigington's ("Wigington") appeal because he failed to comply with Federal Rule of Bankruptcy Procedure 8009. Wigington filed a response (#10), Select filed a reply (#13), and Wigington filed a sur-reply (#16). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.　　Background

Wigington executed a promissory note and deed of trust ("Mortgage Loan"), dated December 29, 2004, in favor of ABN AMRO Mortgage Group, Inc., that encumbered his residence in Wylie, Texas. On October 2, 2018, Wigington filed a voluntary petition for Chapter 13 bankruptcy ("Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Texas. On November 7, 2018, Appellant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"), which serviced the Mortgage Loan, filed Proof of Claim No. 4-1, asserting a secured claim. In response, Wigington filed an Objection to Nationstar's Proof of Claim and an

action to determine the validity, priority, and extent of Nationstar's lien ("Adversary Proceeding").  Subsequently, on October 1, 2019, Select took over servicing of the Mortgage Loan from Nationstar.

On April 7, 2021, the bankruptcy court dismissed Wigington's Bankruptcy Case.[1]  Due to its dismissal of Wigington's Bankruptcy Case, the bankruptcy court dismissed the Adversary Proceeding on May 27, 2021.  On that same day, Wigington filed a Motion to Alter or Amend Order/Judgment, seeking relief under Bankruptcy Rules 9023 and 9024.  On August 20, 2021, in a written order, the bankruptcy court denied Wigington's motion to alter.

Wigington timely filed his notice of appeal on September 3, 2021.  On September 7, 2021, Wigington filed a motion to extend with the bankruptcy court, seeking to extend the deadline to file his statement of issues on appeal and a designation of the contents of the record.  Two weeks after filing his notice of appeal, on September 15, 2021, Wigington filed a Request that Judgment be Set Out in Separate Document.  On November 3, 2021, the bankruptcy court denied Wigington's motions.  As for his motion to extend, the bankruptcy court noted that "any request for an extension or modification of the deadlines set forth in Bankruptcy Rule 8009 should be directed to the District Court."

II.  Analysis

Rule 8009 of the Federal Rules of Bankruptcy Procedure requires appellants to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen days of filing a

---

[1] Wigington also filed a notice of appeal in his bankruptcy case.  This court, however, dismissed that appeal on October 12, 2021, pursuant to Wigington's motion.

notice of appeal. FED. R. BANKR. P. 8009; *see Alfaro v. Reiley (In re Primera Energy, L.L.C.)*, 812 F. App'x 269, 270 (5th Cir. 2020); *Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 221 F.3d 693, 698 (5th Cir. 2000); *In re Found. of Hope, Inc.*, No. 2:20-CV-295, 2021 WL 3832813, at *1 (S.D. Tex. Apr. 5, 2021); *Merkle v. Merkle*, No. BR 16-50026-CAG, 2021 WL 2953168, at *1 (W.D. Tex. Jan. 31, 2021). "Additionally, '[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits.'" *In re Primera Energy, L.L.C.*, 812 F. App'x at 270 (quoting FED. R. BANKR. P. 8009). Moreover, "the rule also instructs all parties to 'take any other action necessary to enable the clerk to assemble and transmit the record.'" *In re CPDC, Inc.*, 221 F.3d at 698 (quoting FED. R. BANKR. P. 8009).

The purpose of this rule is to provide the reviewing court with a satisfactory basis for evaluating the appellant's claims on appeal. *See In re CPDC, Inc.*, 221 F.3d at 698; *Carroll v. Farooqi*, No. 3:12-CV-804-L, 2013 WL 230372, at *3 (N.D. Tex. Jan. 22, 2013). "The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts." *In re CPDC, Inc.*, 221 F.3d at 698; *Alfaro v. Reiley*, No. 5:18-CV-0329-JKP, 2019 WL 4765385, at *2 n.1 (W.D. Tex. Sept. 27, 2019), *aff'd*, 812 F. App'x 269 (5th Cir. 2020); *Marshall v. Gurley*, No. 4:17-CV-405, 2018 WL 4599576, at *1 (E.D. Tex. Sept. 25, 2018). In addition, the objective of the statement of issues on appeal is to identify those portions of the prior testimony that should be included in the record on appeal. *See In re CPDC, Inc.*, 221 F.3d at 698; *Carroll*, 2013 WL 230372, at *3.

"An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." FED. R. BANKR. P. 8003(a)(2); *see Mehta v. Shah (In re Shah)*, 96 F. App'x 943, 944 (5th Cir. 2004); *In re CPDC, Inc.*, 221 F.3d at 698; *In re Found. of Hope, Inc.*, 2021 WL 3832813, at *1; *In re Grodsky*, No. CV 19-14801, 2020 WL 1234430, at *3 (E.D. La. Mar. 13, 2020), *appeal dismissed sub nom. Howell v. Gordon, Arata, McCollam, Duplantis & Eagan, L.L.C. (In re Grodsky)*, No. 20-30223, 2020 WL 8615418 (5th Cir. June 1, 2020), *cert. denied*, 141 S. Ct. 1400 (2021). As evidenced by this rule, it is only the failure to file a timely notice of appeal that deprives the district court of jurisdiction and mandates dismissal. *See In re Shah*, 96 F. App'x at 944; *In re CPDC, Inc.*, 221 F.3d at 698; *Carroll*, 2013 WL 230372, at *3; *Roth v. Mims*, 298 B.R. 272, 280 (N.D. Tex. 2003). In contrast, a dismissal for failure to follow other procedural rules, including Rule 8009, has been characterized as "a harsh and drastic sanction that is not appropriate in all cases, even though it lies within the district court's discretion." *In re CPDC, Inc.*, 221 F.3d at 699; *see Kollinger v. Hoyle (In re Kollinger)*, 551 F. App'x 104, 106 (5th Cir. 2013); *In re Acad. Drive Dev., LLC*, No. CV 21-1710, 2021 WL 5881891, at *1 (E.D. La. Dec. 13, 2021). In considering dismissal as an appropriate sanction, a court should take into account

> that some infractions of the rules of bankruptcy procedure are harmless and do not merit dismissal; that dismissal unfairly punishes clients for the mistakes of their counsel in some cases;[2] and that the primary goal of courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate.

---

[2] Although Wigington is proceeding *pro se*, he is a practicing attorney licensed in Texas.

4

*In re CPDC, Inc.*, 221 F.3d at 699-700; *see Carroll*, 2013 WL 230372, at *3; *Roth*, 298 B.R. at 281.

Here, in a written order, the bankruptcy court dismissed Wigington's Adversary Proceeding on May 13, 2021. On May 27, 2021, Wigington filed his motion to amend/alter, which the bankruptcy court denied in a written order on August 20, 2021. Pursuant to Bankruptcy Rule 8002, if a party timely files with the bankruptcy court a motion to alter or amend the judgment under Bankruptcy Rule 9023 or for relief under Bankruptcy Rule 9024, the time to file an appeal runs from the entry of the order disposing of that motion. *See* FED. R. BANKR. P. 8002(b). Accordingly, the 14-day clock for Wigington to file an appeal started on August 20, 2021. Wigington apparently understood this and timely filed his notice of appeal on September 3, 2021. Pursuant to Bankruptcy Rule 8009, Wigington was required to file his designation of the record on appeal and statement of the issues within 14 days, September 17, 2021.[3] Wigington failed to do so.[4]

Nonetheless, Wigington, filed both his Designation of Record on Appeal and Statement of Issues on Appeal on December 21, 2021, the day after he filed his response to Select's motion. Wigington also requested transcripts at that time. On January 7, 2022, the bankruptcy court transmitted the supplement to the record on appeal to this court. On January 11, 2022, the

---

[3] Wigington seemingly recognized his need to file the designation and statement by this date, as he filed a motion to extend the deadline with the bankruptcy court on September 17, 2021. Such a motion, however, should have been filed with this court.

[4] Wigington argues that his notice of appeal did not become effective under Bankruptcy Rule 8002(a)(5)(A)(ii) until October 25, 2021, 150 days after the bankruptcy court's original dismissal order on May 27, 2021. The bankruptcy court apparently found that Wigington waived the separate document requirement. Nevertheless, even assuming that the clock to file a notice of appeal did not start until October 25, 2021, Wigington still failed to comply with Bankruptcy Rule 8009 in the time prescribed.

requested transcripts were filed with this court. Although Wigington did not follow the timing requirements prescribed by Bankruptcy Rule 8009, the substantive requirements of the rule have now been met. Thus, at this point, Wigington's failure to follow Rule 8009 appears to be harmless and, accordingly, does not warrant dismissal. *See Turner-Foga v. GHK Enters., L.P. (In re Turner-Foga)*, No. SA-20-CV-0191-OLG, 2020 WL 10934890, at *2 (W.D. Tex. July 16, 2020) (vacating order dismissing appeal after it was shown that, although the appellant did not comply with the timing provisions set forth in Rule 8009(a), he eventually designated the record for appeal and filed a statement of the issues); *Mandel v. White Nile Software, Inc.*, No. 4:17-CV-261, 2019 WL 6974975, at *6 (E.D. Tex. Dec. 19, 2019) (declining to dismiss for failure to comply with Bankruptcy Rule 8009's timing requirements because the "late filing was due to excusable delay"), *aff'd sub nom. Mandel v. White Nile Software, Inc. (In re Mandel)*, No. 20-40026, 2021 WL 3642331 (5th Cir. Aug. 17, 2021).

In its reply, Select contends that Wigington's "failure to timely submit its Designation of Issues on Appeal and Designation of the Record has caused [it] to lose over 90 days, during which time it could have been preparing its arguments for the appeal." Wigington filed his brief in this appeal on February 1, 2022, nearly a month after the supplemented record was filed with the court. Accordingly, at this time, Select's responsive briefing is due on March 8, 2022. To allow Select more time to prepare its arguments for the appeal, the court will extend the due date for its responsive briefing.

6

III.     Conclusion

Consistent with the foregoing analysis, Select's Motion to Dismiss Appeal (#7) is DENIED.  Further, the court extends Select's deadline to file its responsive briefing to April 8, 2022.  IT IS SO ORDERED.

SIGNED at Beaumont, Texas, this 14th day of February, 2022.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE