| UNITED STATES DISTRICT COURT | § | EASTERN DISTRICT OF TEXAS |
|---|---|---|

GEORGE DALE WIGINGTON, §
　§
　　Appellant, §
　§
versus § CIVIL ACTION NO. 4:21-CV-699
　§
NATIONSTAR MORTGAGE LLC d/b/a § APPEAL OF ADVERSARY NO.
MR. COOPER and SELECT PORTFOLIO § 19-04074
SERVICING, INC., §
　§
　　Appellees. §

## MEMORANDUM AND OPINION

Pending before the court is Appellant George Dale Wigington's ("Wigington") appeal from the bankruptcy court's Memorandum Opinion entered August 10, 2020; Amended Judgment entered September 14, 2020; Order on Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Nationstar") Motion for Partial Dismissal Under Rule 12(b)(6), Nationstar's Motion for More Definite Statement, and Select Portfolio Servicing, Inc.'s ("SPS"), Motion to Dismiss All Causes of Action Under Rule 12(b)(6) entered December 11, 2020 ("December 11, 2020, Order"); Order Regarding SPS's Motion to Dismiss entered April 5, 2021 ("April 5, 2021, Order"); Order Dismissing Adversary Proceeding entered May 27, 2021 ("May 27, 2021, Order"); and Order Denying Motion to Reconsider entered August 20, 2021 ("August 20, 2021, Order"). Ultimately, the bankruptcy court dismissed the Adversary Proceeding in light of the dismissal of Wigington's underlying Chapter 13 bankruptcy. Having reviewed the bankruptcy court's orders, the record, the submissions of the parties, and the applicable law, the court is of the opinion that the bankruptcy court's orders should be affirmed.

I.   Background

On December 29, 2004, George and Teresa Wigington executed a deed of trust granting ABN AMRO Mortgage Group, Inc. ("ABN AMRO"), a lien against their residence located at 2451 Elm Grove Road in Wylie, Texas. The deed of trust secures a note in the original principal amount of $216,000.00. ABN AMRO later merged with CitiMortgage, Inc. ("CitiMortgage").

On April 4, 2011, Wigington filed for bankruptcy, Case No. 11-41092. Subsequently, on June 4, 2013, the bankruptcy court entered an order confirming Wigington's plan, and the case was closed. In August 2016, CitiMortgage assigned the deed of trust to Nationstar. In the case below, the bankruptcy court observed that Wigington had notice of the transfer, yet he still continued to send monthly checks payable to CitiMortgage at the wrong address. In total, eighteen checks and two electronic payments were incorrectly submitted to CitiMortgage, totaling $107,916.38. It returned all of the checks uncashed and refunded both electronic payments. Soon after the transfer of his mortgage to Nationstar, Wigington began receiving notices of default from Nationstar. On or about June 12, 2017, Wigington received notice that a foreclosure sale would occur on July 4, 2017.

Less than a year after the discharge of Wigington's first bankruptcy action, he filed a subsequent Chapter 13 bankruptcy proceeding, Case No. 18-42230. He chose to proceed *pro se* with this bankruptcy, filing his Chapter 13 plan on November 5, 2018.[1] Two days later, Nationstar filed its Proof of Claim No. 4-1 in the amount of $134,203.89. During the early stages of pleading, on October 1, 2019, Nationstar transferred servicing of the mortgage loan to SPS.

---

[1] Wigington attended law school during his first bankruptcy case and received his license to practice law in Texas in January 2018.

On March 27, 2020, the Chapter 13 bankruptcy trustee filed a motion to dismiss the bankruptcy action for lack of funds to support the original plan.  On April 7, 2021, Wigington failed to appear at a hearing to determine whether his plan was sufficient to support Nationstar's Proof of Claim No. 4-1.  After the hearing, the bankruptcy court swiftly dismissed his Chapter 13 bankruptcy action.  Wigington filed a Motion to Alter or Amend, which the court denied.  He then filed a Notice of Appeal, but he voluntarily dismissed the appeal on October 7, 2021 (#4 in Case No. 4:21-CV-696).

During the pendency of the underlying bankruptcy case, Wigington initiated Adversary Proceeding Case No. 19-04074.  He filed his Objection to Nationstar's Proof of Claim and Complaint on August 23, 2019.  In response to Wigington's initial Complaint, Nationstar filed a Motion for a More Definite Statement.  This started a cycle in which the bankruptcy court repeatedly admonished Wigington for failing to articulate a clear and plain statement of his claims and for submitting pleadings that were lengthy and difficult to decipher.  In total, Wigington filed four amendments to his initial Complaint.  Regarding his Third Amended Complaint, the bankruptcy court concluded in its April 5, 2021, Order that Wigington's complaint, "like its prior versions, is difficult to decipher and does not clearly or logically delineate his claims."  In his Fourth Amended Complaint, filed on February 23, 2021, Wigington appears to assert causes of action for breach of contract, negligence, violation of the Texas Deceptive Practices Act, and violation of the Texas Fair Debt Collection Practices Act.  After Wigington filed the fourth submission, the bankruptcy court scheduled a Case Management Conference via telephone for May 13, 2021.  Wigington again failed to appear, prompting the bankruptcy court to dismiss the Adversary Proceeding.  In the dismissal order, the bankruptcy court relied primarily on the

3

dismissal of the underlying Chapter 13 case. In response, Wigington filed a Notice of Appeal on September 8, 2021.

II.     Analysis

Wigington raises six allegations of error in his Brief (#28). He challenges the bankruptcy court's (1) rejection of his assertions of collateral estoppel and res judicata that he argues should prevent adjudication of Nationstar's Proof of Claim, (2) determination regarding Nationstar's authority to enforce the note, (3) finding that he failed to tender payments on the note, (4) validation of the assignment from CitiMortgage to Nationstar, (5) application of Bankruptcy Rule 3001(e)(2), and (6) Rule 12(b)(6) dismissal. Notably, Wigington does not address the bankruptcy court's dismissal of his Adversary Proceeding on the grounds stated in the bankruptcy court's May 27, 2021, Order.

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" and, with leave of the court, "other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 158(c)(2), an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." *Id*. Therefore, "when reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court." *First Nat'l Bank v. Crescent Elec. Supply Co. (In re Renaissance Hosp. Grand Prairie Inc.)*, 713 F.3d 285, 293 (5th Cir. 2013) (quoting *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103-04 (5th Cir. 1992)); *accord Perry v. Dearing (In re Perry)*, 345 F.3d 303, 308-09 (5th Cir. 2003); *RSL Funding, LLC v. Date (In re Date)*, No. AP 15-03185, 2020 WL 7059872, at *5 (S.D. Tex. Dec. 1, 2020).

When reviewing a decision of the bankruptcy court, the court must accept the bankruptcy court's findings of fact unless clearly erroneous and examine the bankruptcy court's conclusions of law *de novo*.  *Galaz v. Galaz (In re Galaz)*, 850 F.3d 800, 804 (5th Cir. 2017); *Monge v. Rojas (In re Monge)*, 826 F.3d 250, 254 (5th Cir. 2016); *In re Renaissance Hosp. Grand Prairie Inc.*, 713 F.3d at 293-94; *Halo Wireless, Inc. v. Alenco Commc'ns, Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581, 586 (5th Cir. 2012).  The court may affirm the bankruptcy court on any grounds raised below and supported by the record.  *See Edwards v. Mesquite Indep. Sch. Dist.*, No. 20-10158, 2021 WL 3716637, at *2 (5th Cir. Aug. 20, 2021) ("[W]e may affirm on any grounds raised in the district court below and supported by the record, even if not relied upon by the district court."), *cert. denied*, 142 S. Ct. 823 (2022); *Harris Cnty. v. MERSCORP Inc.*, 791 F.3d 545, 551 (5th Cir. 2015) (applying the rule to a district court's Rule12(b)(6) dismissal or grant of summary judgment); *LLEH, Inc. v. Wichita Cnty.*, 289 F.3d 358, 364 (5th Cir. 2002) (applying the rule to a bench trial); *accord Underwood v. Ocwen Loan Serv.*, 829 F. App'x 678, 680 (5th Cir. 2020); *Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.*, 904 F.3d 363, 374 (5th Cir. 2018).

Several of the orders from which Wigington's appeal arises deal with the dismissal of his causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)—namely, the bankruptcy court's August 20, 2020, Memorandum Opinion; September 14, 2020, Amended Judgment; December 11, 2020, Order; and April 5, 2021, Order. Nevertheless, the bankruptcy court ultimately dismissed Wigington's Adversary Proceeding in its May 27, 2021, Order, as confirmed in its August 20, 2021, Order, due to the dismissal of the underlying bankruptcy case and Wigington's failure to appear at the hearing regarding the

dismissal. In his brief submitted in the present appeal, Wigington fails to address these orders.[2] A party forfeits an argument "by failing to adequately brief [it] on appeal." *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021); *accord Thomas v. Hughes*, 27 F.4th 995, 1011 (5th Cir. 2022); *Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017). Wigington does not delineate any error with respect to the bankruptcy court's dismissal of the Adversary Proceeding on the grounds that the underlying bankruptcy case had been dismissed.[3] Accordingly, he forfeits any argument as to this issue. Thus, the court will not disturb the bankruptcy court's dismissal of the Adversary Proceeding.

Nonetheless, even if Wigington had adequately briefed the dismissal of the Adversary Proceeding, his appeal would still be unavailing. "The decision to retain jurisdiction over related proceedings rests within the sound discretion of the bankruptcy court." *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1202 (5th Cir. 1993); *accord Stirlings, LLC v. Vinson*, No. CV 18-5512, 2019 WL 1778679, at *2 (E.D. La. Apr. 23, 2019). "The Supreme Court has held that a

---

[2] In the table of contents of his brief, Wigington lists the following as sections in his brief:

ISSUE 9 By dismissing the adversary proceeding due to the dismissal of Appellant's bankruptcy case

ISSUE 10 - By denying Appellant's Motion for Reconsideration

Wigington, however, does not list the corresponding page number for either issue and does not explain either of these conclusory statements in the body of his brief.

[3] On October 7, 2021, Wigington filed a voluntary Motion to Dismiss (#4 in Case No. 4:21-CV-696) the appeal of his bankruptcy case. His motion stated that "he no longer wishes to appeal the dismissal of his bankruptcy case [No. 18-42230]." *See* FED. R. APP. P. R 42(b) ("An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court."). The court granted the dismissal shortly thereafter, on October 12, 2021 (#5 in Case No. 4:21-CV-696 ). Months later, on February 1, 2022, Wigington submitted his 68-page brief in the present appeal. Because Wigington dismissed the appeal of his bankruptcy case, the court has jurisdiction to review only the Adversary Proceeding that is the subject of his present appeal.

federal district court must consider four factors in deciding whether to retain jurisdiction over pendent state claims after the dismissal of federal claims: economy, convenience, fairness, and comity." *Querner,* 7 F.3d at 1201 (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 353 (1988)); *see Stirlings, LLC*, 2019 WL 1778679, at *2. Nevertheless, the general rule is that "the dismissal or closing of a bankruptcy case should result in dismissal of related proceedings." *Querner*, 7 F.3d at 1201; *accord Stirlings, LLC*, 2019 WL 1778679, at *2. Accordingly, Wigington has the burden of showing that the bankruptcy court erroneously relinquished jurisdiction.

Here, the bankruptcy court justified the dismissal of the Adversary Proceeding because the case was still in early-pleading stages and neither party would have been prejudiced by continuing the litigation in a more appropriate forum. *Cf. Stirlings, LLC*, 2019 WL 1778679, at *2 (approving a bankruptcy court's maintaining jurisdiction over an adversary proceeding when dismissal of a Chapter 11 bankruptcy occurred after completion of a two-day trial and it would have been costly to the parties and the court to re-adjudicate in a different forum). Wigington does not provide any reason that a bankruptcy forum is needed, or even suitable, to resolve his claims. In fact, neither party has argued that it cannot afford to change forums, would be substantially inconvenienced, would face an unfair burden in a different forum, or would suffer in any other way from dismissal. Thus, the general preference towards dismissal should prevail.

Moreover, the principles of economy, convenience, fairness, and comity would support dismissal to provide a *pro se* litigant, like Wigington, an opportunity to revise his argument and file a petition that is straightforward and not convoluted by bankruptcy matters. In its May 27, 2021, Order, the bankruptcy court noted:

7

> [Wigington] brought this adversary proceeding seeking to disallow [Appellees Nationstar's and SPS's (collectively, "Appellees")] claim against his bankruptcy estate and to establish affirmative claims for non-bankruptcy relief against [Appellees]. Due to the dismissal of the underlying bankruptcy case, the bankruptcy estate no longer exists and, therefore, there is no need to determine whether to sustain [Wigington's] objections to [Appellees'] claim against the estate.

The bankruptcy court correctly concluded that Wigington's remaining claims against Appellees "appear to be governed by state law," and, thus, he "may bring his claims against [Appellees] in an appropriate non-bankruptcy forum." Indeed, the causes of action are exclusively rooted in Texas law and would be more appropriate for a state court to resolve.

Requiring a specialized bankruptcy court to preside over a lengthy state lawsuit with no relation to the United States Bankruptcy Code would promote inefficiency by putting unnecessary stress on the busy docket of the Eastern District of Texas Bankruptcy Court, especially considering the extensive time commitment required to resolve Wigington's complex allegations. The bankruptcy court correctly recognized that the Adversary Proceeding was too removed from the dismissed Chapter 13 bankruptcy case to justify retaining jurisdiction. Accordingly, the bankruptcy court did not err by dismissing Wigington's Adversary Proceeding. Because the court concludes that the bankruptcy court permissibly dismissed Wigington's Adversary Proceeding due to the fact that the underlying bankruptcy case had been dismissed, the court need not address Wigington's remaining points of error that deal with the bankruptcy court's Rule 12(b)(6) dismissal. *See Edwards*, 2021 WL 3716637, at *2; *LLEH, Inc.*, 289 F.3d at 364; *Underwood*, 829 F. App'x at 680; *Lewisville Indep. Sch. Dist.*, 904 F.3d at 374; *Harris Cnty.*, 791 F.3d at 551 (5th Cir. 2015).

III.   Conclusion

Having considered the heavy burden on the bankruptcy court and the lack of prejudice to the parties in the event of dismissal, the court finds that the bankruptcy court did not abuse its discretion in dismissing the Adversary Proceeding. Consistent with the foregoing analysis, the bankruptcy court's dismissal of Wigington's Adversary Proceeding is AFFIRMED.

SIGNED at Beaumont, Texas, this 13th day of July, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE